**Cyrilla MURPHY and George H. Murphy, Plaintiffs,**

v.

**Harold L. DYER, Defendant.**

**Civ. A. No. 66–C–264.**

United States District Court
D. Colorado.

Sept. 2, 1966.

Paul Barber, Colorado Springs, Colo., for plaintiffs.

Weller, Friedrich & Hickisch, by William H. Hazlitt and Arthur H. Downey, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

ARRAJ, Chief Judge.

Defendant has moved to dismiss the complaint for failure to state a claim upon which relief can be granted. The motion is predicated on the assertion that the complaint reveals on its face that the statute of limitations has run.

In their memorandum in opposition to defendant's motion to dismiss, plaintiffs urge that the statute of limitations "is not a grounds for a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b), Colorado Rules of Civil Procedure. * * *" It should be quite apparent to the plaintiffs that this motion is governed by Rule 12(b) of the *Federal* Rules of Civil Procedure. The running of the applicable statute of limitations is a proper ground for a motion to dismiss for failure to state a claim in the federal courts. See, e. g., J. M. Blythe Motor Lines Corp. v. Blalock, 310 F.2d 77 (5th Cir. 1962); Panhandle Eastern Pipeline Co. v. Parish, 168 F.2d 238 (10th Cir. 1948); Berry v. Chrysler Corp., 150 F.2d 1002 (6th Cir. 1945); 2 Moore, Federal Practice § 12.10.

The plaintiffs allege specific acts of negligence which took place in 1960, and the complaint was not filed until May 18, 1966. They also allege, however, that the defendant fraudulently concealed from plaintiff Cyrilla Murphy the negligent acts and the causes of the injuries complained of, and that she did not discover the cause of her injuries until May 21, 1964.

The applicable statute of limitations is Colo.Rev.Stat.Ann. § 87–1–6 (1953), which provides in effect that no action based upon medical malpractice can be maintained, unless the action is instituted within two years after the cause of action accrued. This action was not commenced until six years after the defendant's alleged negligent acts, but plaintiffs are relying on a well-established exception to the general statute of limitations in malpractice cases, i. e., alleged "fraudulent concealment".

The Colorado Supreme Court has recognized that where the plaintiff is ignorant of the cause of her injury, and where the defendant has concealed that cause, the plaintiff will be allowed to maintain an action brought beyond the two-year limitation period, provided that the suit is instituted within two years of the time the plaintiff discovered, or by the exercise of reasonable diligence should have discovered, the cause of her injury. This is the exception generally called "fraudulent concealment", which was recognized in Rosane v. Senger, 112 Colo. 363, 149 P.2d 372 (1944); and in Davis v. Bonebrake, 135 Colo. 506, 313 P.2d 982 (1957). Both were malpractice cases.

In *Davis*, the plaintiff was held to have stated a cause of action when she amended her complaint to include allegations of: 1) fraudulent concealment by the defendant, and 2) her discovery of the cause of her injuries within two years of her commencing suit. In the case at bar, the plaintiffs alleged the defendant's concealment in Paragraph 6 of the complaint, and alleged plaintiff Cyrilla Murphy's discovery of the cause of her injury in Paragraph 7. The action was commenced within two years of the alleged date of discovery.

**824**

The defendant argues in his supporting memorandum that the plaintiff alleged no specific acts of "active concealment" which could have occurred within two years of the commencement of the action. He thus contends that the cause of action had to have accrued prior to April 10, 1960, since the defendant no longer treated the plaintiff after that time.

■ Apparently the Colorado Supreme Court takes the view that the period of limitation begins to run from "the time the act of malpractice with resulting injury was, or by the use of reasonable diligence, could have been, discovered", rather than from the date of the last "active concealment". Annot., 80 A.L.R.2d 368, 388, citing Davis v. Bonebrake, supra.

■ It is also clear that the Colorado Court does not require a showing of all of the elements of fraud in order to support a finding of "fraudulent concealment". In Rosane v. Senger, supra, the Court said: "We are not impressed with the reasoning which supports the materiality of fraud. * * * The negligence is equally damaging and the victim equally helpless regardless of the motive for concealment."

■ Whether or not the plaintiff actually knew or had reason to know of the cause of her injuries prior to the date of the alleged discovery was held to be a question for the jury in Davis v. Bonebrake, supra. In the present case, the plaintiff Cyrilla Murphy has alleged her date of discovery, has brought suit within two years of that date, and has sufficiently alleged that the defendant fraudulently concealed from her the cause of her injuries. The complaint states a proper claim upon which relief can be granted. It is therefore

Ordered that the motion of the defendant to dismiss the complaint for failure to state a cause of action be, and hereby is, denied.