Mark LANDIS, Guardian of the Estate
of Robert Allen Groff, Jr., a minor

v.

Charles W. DELP, Jr.

and

Pottstown Memorial Medical Center.

Civ. A. No. 41362.

United States District Court,
E. D. Pennsylvania.

June 21, 1971.

Kassab, Cherry, Curran & Archbold, Garland D. Cherry, Chester, Pa., for plaintiff.

Brooks, Macartney & Holl, John S. J. Brooks, Media, Pa., for Chas. W. Delp, Jr.

Marshall, Dennehey & Warner, Francis E. Marshall, Philadelphia, Pa., for Pottstown Memorial Medical Center.

## OPINION

KRAFT, District Judge.

In this medical malpractice action trial to a jury resulted in answers to interrogatories, which exonerated one defendant, Dr. Delp, and found the other defendant, Pottstown Memorial Medical Center (hereafter called hospital) negligent. However, the jury was unable to agree upon an answer to the interrogatory which asked whether negligence of the hospital was a proximate cause of minor plaintiff's injury.

The hospital has filed a motion, under Fed.R.Civ.P. 50(b), for judgment upon the whole record, notwithstanding the disagreement of the jury.

■ The controlling standard on such a motion is whether there is an absence of any *substantial evidence* to prove liability. The Court may not weigh the evidence and grant the motion if a jury question is presented. Thompson v. Lillehei, 164 F.Supp. 716 (D.Minn.1958); aff'd 273 F.2d 376 (8 Cir. 1959).

■ The plaintiff guardian in this action sought to recover damages for total blindness of the minor, allegedly caused by negligence of the defendants, Dr. Delp and the hospital. Specifically, there was testimony by plaintiff's experts, Dr. Gaynin and Dr. Epstein, that the minor plaintiff's blindness (Rentrolental Fibroplasia, [R.L.F.]) was caused by excessive administration of oxygen to the minor by the defendant hospital. In our view this testimony alone was evidence sufficiently substantial to require submission to the jury of the issue of proximate cause.

The second ground relied upon by the defendant hospital is that, conceding the existence of diversity of citizenship, this action should have been dismissed, because that diversity had been "manufactured" and that both defendants had agreed to waive the statute of limitations to permit the action to be filed in the state court. This agreement is based upon the recent decisions of our Court of Appeals concerning the limited retroactive application of the *McSparran* rule.[1] Groh v. Brooks, 421 F.2d 589 (3 Cir. 1970); Law v. Converse, 419 F.2d 38 (3 Cir. 1969).

■ Any retroactive application of the *McSparran* rule, however, is to be determined in " * * * consideration of the circumstances of the particular case, to which an individual, *equitable* judgment [is] to be applied. * * *" Law v. Converse, supra, at 41 and Groh v. Brooks, supra 421 F.2d at 593. (emphasis ours) Among such "equitable" considerations are that no party will be prejudiced by a dismissal or unreasonably burdened by duplication of effort and expense.

■ Shortly before the trial in this case, during a pre-trial conference in chambers, counsel for plaintiff expressed willingness to agree to dismissal of this federal action and to file an action in the state court, upon the condition that defendants agree to permit him to take discovery depositions of several hospital nurses after the filing of the state action. Counsel who then represented the defendant hospital was obdurate in his refusal to agree to this limited additional discovery, despite the Court's view that plaintiff's request was entirely reasonable under the circumstances. Accordingly, in the furtherance of justice, we declined to dismiss the action. Any application of the *McSparran* rule is intended to be "innovative" and not rigidly applied. In this case defendant hospital, by the intransigence of its former coun-

---

1. McSparran v. Weist, 402 F.2d 867 (3 Cir. 1968), cert. denied sub nom. Fritzinger v. Weist, 395 U.S. 903, 89 S.Ct. 1739, 23 L.Ed.2d 217 (1969) and Esposito v. Emery, 402 F.2d 878 (3 Cir. 1968).

sel, prevented the dismissal with maximum fairness to all parties and will not now be heard to complain.

 The final reason assigned by the defendant hospital in support of its motion is that the acts complained of occurred and were completed on June 18, 1964, and that suit was not filed until October 18, 1966, well beyond the applicable two year statute of limitations.

The hospital contends that the facts concerning the infant plaintiff's blindness were discoverable and were, in fact, discovered many months before the two years elapsed. We think this contention totally ignores the fact that the minor plaintiff was a newborn infant, utterly unable to comprehend the absence of sight or its significance or to discover or know that he was blind or to inform his parents of this fact. Moreover, the minor plaintiff's own physician, the defendant, Dr. Delp, was not suspicious of R.L.F. until December, 1964 and the minor's parents were not so advised until February, 1965. The scientific and diagnostic techniques involved in discovery of the existence of R.L.F. and its causes were not sufficiently well known at the time of this occurrence to justify a holding that this infant, his parents or the guardian of his estate are charged both with discovery of the R.L.F. and of facts relating to the probable causes thereof.

As was well stated by our esteemed colleague, Judge Higginbotham,

> "While plaintiff certainly must exercise reasonable diligence to inform himself of the facts and how they may relate to each other, the statute should not begin to run until, through reasonable diligence he should have reason to know that a *claim* exists." Gemignani v. Philadelphia Phillies Nat. League Baseball Club, Inc., 287 F.Supp. 465, 467 (E.D.Pa.1967).

This record is barren of any evidence which could lead us fairly to conclude that minor plaintiff's guardian or his parents should be charged with discovery of both causative facts and causative relationship prior to February, 1965.

We note that in answer to defendant's motion, plaintiff also moved for a "directed verdict". This is clearly inappropriate, since under Rule 50(b), plaintiff was required to present his motion at the close of all the evidence to preserve the issue for post-trial review. Eisenberg v. Smith, 263 F.2d 827–829 (3 Cir. 1959).