Glenda June **GILBERT** and J. D. Gilbert, Appellants,

v.

Sidney D. **JONES** and Ortho Pharmaceutical Corporation, Appellees.

Court of Appeals of Tennessee, Western Section.

Dec. 31, 1974.

Certiorari Denied by Supreme Court May 12, 1975.

**212**

James F. Schaeffer, J. E. Mitchell, Memphis, for appellants.

Thomas R. Prewitt, J. Kimbrough Johnson, Memphis, for appellees.

TAYLOR, Special Judge.

This is an appeal involving two separate civil actions brought by the plaintiffs, Glenda June Gilbert and her husband, J. D. Gilbert, against a physician, Sidney D. Jones, and a drug manufacturer, Ortho Pharmaceutical Corporation. The circuit judge sustained the plea of the statute of limitations and granted the motions for summary judgment filed by the defendants.

The depositions of Mrs. Gilbert and Dr. Spiotta indicate that Mrs. Gilbert began taking birth control pills in 1963. These pills were prescribed by Dr. Jones and manufactured by Ortho Pharmaceutical Corporation. Mrs. Gilbert took these contraceptive pills for some six years when she was advised by Dr. Jones in June, 1970 that she had high blood pressure. In Mrs. Gilbert's deposition, she states that she purchased birth control pills in containers containing a three-month supply, and that she purchased two containers at a time. She further stated it was necessary to see Dr. Jones every six months to get a prescription for these contraceptive pills. On March 12, 1971, she saw Dr. Jones for the last time for this particular condition.

After seeing Dr. Jones on March 12, 1971, she also went to see Dr. Hal Bennett on that same day and was told by him that her blood pressure was 230/130 and that it was "severely high". Dr. Bennett suggested that she see a doctor of internal medicine and she then consulted Dr. Eugene Spiotta who admitted her to the hospital on March 17, 1971 for high blood pressure.

On March 29, 1971, Mrs. Gilbert was apprised by Dr. Spiotta of the causal relationship between her high blood pressure and the contraceptive pills, and she was advised to and did discontinue use of the contraceptive pills at that time.

On March 21, 1972, the complaint was filed in Circuit Court by Mr. and Mrs. Gilbert against both defendants alleging that the injury to Mrs. Gilbert was "severely high blood pressure with resulting heart damage".

The trial judge ruled that the causes of action of the plaintiffs were barred by the statute of limitations which began to run as of March 12, 1971, the last date contraceptive pills were prescribed by Dr. Jones. This was one year and nine days before the filing of the complaint against the defendants in this case. The ruling of the trial judge was correct at the time he ruled that this malpractice action was barred by the statute of limitations.

The record before us, however, indicates that Mrs. Gilbert did not know of the

causal relationship between the birth control pills and her high blood pressure condition until March 29, 1971.

Section 28–304, T.C.A. provides that the cause of action be "commenced within one (1) year after cause of action accrued". This section of the code was amended in 1969 to provide that "insofar as products liability cases are concerned, the cause of action for injury to the person shall accrue on the date of the personal injury not the date of the sale of a product and in said products cases no person shall be deprived of his right to maintain his cause of action until one (1) year from the date of his injury and under no circumstances shall his cause of action be barred before he sustains an injury".

The most recent case bearing on the question of the statute of limitations in malpractice suits is an opinion by the Supreme Court of Tennessee on December 9, 1974 written by Justice Henry in the case of Teeters v. Currey, 518 S.W.2d 512, with a concurring opinion by Justice Harbison, in which the Supreme Court recedes from prior cases on this particular question in order, "to establish a rule which we are convinced will be productive of results more nearly consonant with the demands of justice and the dictates of ethics and morality".

The Supreme Court further said, "We adopt as the rule of this jurisdiction the principle that in those classes of cases where medical malpractice is asserted to have occurred through the negligent performance of surgical procedures, the cause of action accrues and the statute of limitations commences to run when the patient discovers, or in the exercise of reasonable care and diligence for his own health and welfare, should have discovered the resulting injury. All cases contra are overruled."

The cause of action in this case accrued on March 29, 1971 when Mrs. Gilbert was apprised of this causal relationship between her high blood pressure and the contraceptive pills. On March 21, 1972 this complaint was filed in Circuit Court by Mr. and Mrs. Gilbert against both defendants.

This record indicates that there is an issue of fact to be determined and we are only holding that, on the pleadings, this suit is not barred by the statute of limitations.

These cases are remanded to the trial court for further action consistent with this opinion. The costs of this appeal will be taxed one-half to the appellants and one-half to the appellees.

MATHERNE and NEARN, JJ., concur.