HAZEL MAE FOX, PLAINTIFF-RESPONDENT, v. PASSAIC GENERAL HOSPITAL, A NEW JERSEY CORPORATION, GUADALUPE OLIVAR AND EMILIA C. LAYUGAN, DEFENDANTS-APPELLANTS.

Argued February 23, 1976—Decided July 9, 1976.

Mr. *Edward E. Kuebler* argued the cause for Defendants-Appellants.

Mr. *Albert L. Cohn* argued the cause for Plaintiff-Respondent (*Messrs. Cohn & Lifland,* attorneys; *Mr. Daniel Crystal* on the brief).

The opinion of the Court was delivered by

CONFORD, P. J. A. D., Temporarily Assigned. We are called upon here further to refine the application of the so-

called "discovery" rule to the defense of statute of limitations in medical malpractice and similar actions. See *Lopez v. Swyer*, 62 *N. J.* 267 (1973); *Moran v. Napolitano and Bellavia*, 71 *N. J.* 133 (1976) argued and decided simultaneously herewith.

Succinctly stated, does a plaintiff who discovers the existence of a malpractice cause of action prior to the expiration of a period of two years after the defendant's actionable conduct necessarily have a full two years after such discovery to bring the action? Or, if the action is not brought within two years of the actionable conduct, is it barred if not brought within "a reasonable time" after discovery of the existence of the cause of action? The trial judge in this case answered the first stated question in the negative and the second in the affirmative and dismissed plaintiff's action by entry of summary judgment in favor of defendants. By a divided vote the Appellate Division reversed. The case is here by virtue of the dissent in the Appellate Division. *R.* 2:2–1(a)(2).

The factual background of this case is fully set forth in the majority and dissenting opinions in the Appellate Division. See 135 *N. J. Super.* 108 at 109, 113. For present purposes the facts may be summarized as follows. Plaintiff sustained an abdominal operation at the defendant hospital on October 26, 1970. A drain was left in the incision. Because of discomfort after discharge from the hospital plaintiff was readmitted thereto on November 17, 1970, when an abscess was drained by the operating surgeon and another drain inserted in the incision. The second drain was removed in December 1970, plaintiff still complaining of abdominal pain. On February 22, 1971 an x-ray examination at another hospital disclosed a foreign object in plaintiff's abdomen, and the original drain, left there in October 1970, was removed by surgical operation performed March 2, 1971.

Plaintiff brought a malpractice action against the operating surgeon in March 1971 and settled her claim against

him thereafter. She brought the present action against the defendant hospital and the defendant nurses December 1, 1972, charging them with negligence in her post-operative care and treatment in connection with the original surgery.

The trial court, in dismissing the action because brought more than two years after the alleged actionable conduct of defendants, construed our decision in *Lopez v. Swyer, supra,* to permit a plaintiff the benefit of the discovery rule only when it was "equitable" to do so, and it found plaintiff was not entitled to the protection of the rule here because "she had better than a year and a half [after discovery] in which to do something and she did absolutely nothing". In agreeing with that determination the dissenting judge in the Appellate Division expressed the view that a plaintiff should be allowed only "a reasonable time" after discovery to bring his action if otherwise beyond two years after the actionable conduct, not "automatically * * * the same period of time afforded by the statutory period of limitation." 135 *N. J. Super.* 116. She found persuasive a concurring opinion to the same effect in *Rothman v. Silber,* 90 *N. J. Super.* 22, 36 (App. Div.), certif. den. 46 *N. J.* 538 (1966). The majority in the Appellate Division, however, applied literally the rule as enunciated in our *per curiam* affirmance and modification in *Yerzy v. Levine,* 57 *N. J.* 234, 235 (1970), where we stated the question before us was "whether plaintiff brought this action within two years after plaintiff knew or had reason to know that plaintiff might have a basis for a claim against the defendant * * *."

Subject to the following comments, we are in essential agreement with the rule as understood and applied by the Appellate Division majority in this case.

In our view, the principles governing administration of the discovery rule should be as simple and uncomplicated as is consistent with the achievement of justice for both claimants and defendants in this area. We reaffirm the views expressed in *Lopez v. Swyer, supra,* calling for an equitable approach to the question of the bar of limitations

when discovery by plaintiff of the cause of action is delayed and an action is begun more than two years after the actionable occurrence. 62 *N. J.* at 275. But we see no utility in a rule which would add to the difficulties already faced by a trial judge in determining, under *Lopez,* the date of "discovery" of the cause of action by the plaintiffs, the task of resolving in every case the "reasonableness" *vel non* of the time left for the commencement of an action between the date of discovery and the expiration of the two years from the actionable occurrence. It is convenient as well as logical to take the position that since the cause of action does not accrue until discovery thereof, under the rationale of the discovery principle, *Fernandi v. Strully,* 35 *N. J.* 434, 450 (1961), the plaintiff should normally have the benefit of the legislative policy determination that he may institute his action at any time within two years from the date of such accrual. See *Yerzy v. Levine, supra,* 57 *N. J.* at 235; *Gilbert v. Jones,* 523 *S. W.* 2d 211 (Ct. App. Tenn. 1974); *Baines v. Blenderman,* 223 *N. W.* 2d 199 (Sup. Ct. Iowa 1974).

Subject to administration of this concept with an eye to justice for the defendant as well as the plaintiff — a matter presently to be addressed — we see no reason why it should be required of the plaintiff that he bring his action with any degree of "expedition" after discovery of his cause of action, as intimated in some of the earlier cases. In principle, he should ordinarily have the full statutory two years after accrual, just as he does when discovery is contemporaneous with the actionable conduct. The position we espouse has the virtue of reducing the uncertainty as to when the bar of limitations cuts off the cause of action to the maximum extent consistent with the nature of the discovery rule. It should therefore be helpful to lawyers counselling plaintiffs as well as defendants.

The view we take of this matter seems to have at least the implicit concurrence of other courts generally. We have not been able to find an out-of-state case in this field which

accepts, or even discusses, the "reasonable time" rule espoused by the dissenting Appellate Division judge. On the other hand, numerous decisions where plaintiff waited a substantial time after discovery of his cause of action before instituting action have rejected the statute of limitations defense, the action having been filed prior to the expiration of the statutory period after discovery of the cause of action. Representative decisions of this kind in which discovery took place *prior* to expiration of the initial statutory period are: *Gilbert v. Jones*, 523 *S. W.* 2d 211 (Ct. App. Tenn. 1974); *Baines v. Blenderman*, 223 *N. W.* 2d 199 (Sup. Ct. Iowa 1974); *Landis v. Delp*, 327 *F. Supp.* 766 (E. D. Pa. 1971); *Leech v. Bralliar*, 275 *F. Supp.* 897 (D. Ariz. 1967); *Johnson v. Stoddard*, 96 *Idaho* 230, 526 *P.* 2d 835 (Sup. Ct. 1974); *Grey v. Silver Bow County*, 149 *Mont.* 213, 425 *P.* 2d 819 (Sup. Ct. 1967).

Representative decisions of the kind noted where discovery took place *after* expiration of the initial statutory period are: *Lipsey v. Michael Reese Hospital*, 46 *Ill.* 2d 32, 262 *N. E.* 2d 450 (Sup. Ct. 1970); *Renner v. Edwards*, 93 *Idaho* 836, 475 *P.* 2d 530 (Sup. Ct. 1969); *Frohs v. Greene*, 253 *Or.* 1, 452 *P.* 2d 564 (Sup. Ct. 1970); *Yoshizaki v. Hilo Hosp.*, 50 *Hawaii* 150, 433 *P.* 2d 220 (Sup. Ct. 1967); *Iverson v. Lancaster*, 158 *N. W.* 2d 507 (Sup. Ct. N. D. 1968); *Spath v. Morrow*, 174 *Neb.* 38, 115 *N. W.* 2d 581 (Sup. Ct. 1962); *Murphy v. Dyer*, 260 *F. Supp.* 822 (D. Colo. 1966) aff'd 409 *F.* 2d 747 (10th Cir. 1969); *Johnson v. United States*, 271 *F. Supp.* 205 (W. D. Ark. 1967).

The general rationale throughout the cited cases is that the cause of action does not "accrue" until discovery.

As already intimated, however, the general rule we here declare must be administered in such manner as not unduly to affect a defendant's right to equitable treatment. The discovery rule possesses the inherent capacity for prejudice to a defendant since the principle of repose inherent in the statute of limitations is necessarily diluted when an action

is instituted beyond the statutory period after the defendant's actionable conduct. See *Lopez v. Swyer, supra,* 62 *N. J.* at 274. We therefore are of the view, and hold, that if a defendant can establish (a) that the lapse of time between the expiration of two years after the actionable event and the date of institution of the suit "peculiarly or unusually prejudiced the defendant", *id.* at 276; and (b) that there was a reasonable time for plaintiff to institute his action between discovery of the cause of action and expiration of said two years after the actionable event, the cause of action may be dismissed on limitations grounds. *Cf. Owens v. White,* 342 *F.* 2d 817, 820 (9th Cir. 1965); *Grey v. Silver Bow County, supra* (425 P. 2d at 821).[1]

There is neither claim nor evidence in the present case of prejudice to defendants of the kind and degree indicated in the qualification aforestated.[2]

In view of the stated conclusions we need not address plaintiff's alternative contention that the statute of limitations was tolled by the doctrine of continuous course of treatment..

Judgment affirmed;[3] no costs on this appeal.

CLIFFORD, J. (dissenting). There is much to commend the rule enunciated by the majority. It is characterized by the

---

[1]However, the statement in the text does not alter the rule of *Lopez v. Swyer, supra,* 62 *N. J.* at 276, to the extent that that case holds that a plaintiff who contends his discovery of his cause of action postdated defendant's actionable conduct has the burden of proof as to the date of such discovery.

[2]By definition, the prejudice rule we here announce is applicable only in cases where plaintiff discovers his cause of action within two years of the actionable conduct of defendant. As to the effect of prejudice to defendant where the cause of action is discovered later, we leave the matter, subject to what we said in *Lopez,* 62 *N. J.* at 276, for further consideration in a case presenting that precise issue.

[3]We intend our present holding to be confined to two-year statutes of limitations. We reserve as to comparable problems in the context of longer periods of limitation.

not inconsiderable virtues of convenience, simplicity, and certainty. However, in my respectful view it gives insufficient weight to a legislatively-declared policy of repose, and in application it may very well — as it plainly does in this and the companion case of *Moran v. Napolitano, et al.,* 71 *N. J.* 133 (1976) elevate judical efficiency at the expense of equity.

The Legislature has provided that personal injury claims must be brought within two years of the accrual of the cause of action. *N. J. S. A.* 2A:14–2. This Court has hitherto accorded a measure of elasticity to that requirement in highly confined types of cases so as to avoid individual injustices. See *Fernandi v. Strully,* 35 *N. J.* 434, 449–51 (1960) ; see also *Lopez v. Swyer,* 62 *N. J.* 267 (1973) and cases collected therein. In doing so it has resorted to equitable doctrines, giving rise to the so-called "discovery" rule disallowing the bar of limitations when an action is begun more than two years following the occurrence for which suit is brought in those instances where discovery by plaintiff of the cause of action has been delayed beyond that two years. Today that rule is extended to include situations in which the actionable event is discovered within the two years but suit is started after that statutory period, despite the circumstance that a reasonable time remains for plaintiff to institute suit between that discovery and expiration of said two years, (ante at 126–127). Plaintiff now is afforded a full two years from the date of discovery unless defendant can establish[1] peculiar or unusual prejudice resulting from the lapse of time between the expiration of two years after the actionable event and the date suit is started. *Id.* ante at 128. Substantially for the reasons so well expressed by

---

[1]While *Lopez* imposed upon the plaintiff who sought the indulgence of the discovery rule the burden of proving the absence of prejudice to a defendant, 62 *N. J.* at 276, the majority now shifts to defendant the task of demonstrating that he has been "unusually or peculiarly prejudiced" by the delay, (ante at 128).

Judge Morgan in her dissenting opinion below, 135 *N. J. Super.* 108, 113 (App. Div. 1975), I am unwilling to ignore the legislative direction simply to achieve a rule unencumbered by complications and unfettered by the nuances of other equitable considerations besides prejudice to a defendant.

*Lopez* instructs us that in cases where the event complained of is not discovered until after the statutory period has elapsed, plaintiff may nevertheless overcome the bar of the statute by satisfying a judge "conscious of the equitable nature of the issue before him" that he is "equitably entitled to the benefit of the discovery rule." 62 *N. J.* at 275. Some of the factors bearing on that determination are "the nature of the alleged injury, the availability of witnesses and written evidence, the length of time that has elapsed since the alleged wrongdoing, whether the delay has been to any extent deliberate or intentional, whether the delay may be said to have peculiarly or unusually prejudiced the defendant." *Id.* at 276. I perceive no reason at all why a judge should not, by resort to the same factors and with principles of equity as the essential guide, be able to determine at the same hearing whether the statutory period should be enlarged for a plaintiff who discovers the injury within the two years but permits the statutory period to run, just as it is for one who learns of the actionable event more than two years after its occurrence. As Judge Morgan observed, there is no suggestion that if the injured party learns of the injury and the possible claim at the eleventh hour, he is not equitably entitled to a reasonable time thereafter in which expeditiously to start suit; but he should not automatically be afforded the full two years after discovery.

The task of resolving the "reasonableness" *vel non* of the time left for commencement of an action between the date of discovery and the expiration of the two years from the actionable occurrence does not strike me as an insurmountable difficulty for a trial judge already called upon to determine, under *Lopez*, the date of plaintiff's discovery of the cause

of action. Certainly the trial judge in this case was not unduly perplexed, nor should he have been on these admitted facts.[2] He identified the critical legal issues; made specific reference to the significant part that equitable considerations played in his determination; and concluded he had been shown "no good reason why" plaintiff should not be barred by the statute of limitations. Attuned to the possibility that a different state of facts might produce a different result, the trial judge observed: "I can conceive of circumstances when it might be appropriate to say all right, the period within which to bring the cause of action is so short that we set up another time table. That is not the case here."

The majority acknowledges that earlier cases "intimate" that plaintiff should bring his suit expeditiously after discovery of the cause of action, see *Fernandi v. Strully, supra,*

---

[2] Judge Morgan's factual recitation is set forth in 135 *N. J. Super.* at 113–14 as follows:

In the present case * * * plaintiff obtained actual knowledge of her injury, the cause thereof, the real possibility of a claim and the identity of a tortfeasor within four months of the date of the tort as recited in her complaint, leaving her approximately 19 months of the statutory period of limitations in which to start suit against them. In fact, she did start suit against the doctor within weeks after she learned what had happened. At no time during the pendency of that suit did she seek to add the present defendants as parties to that action although she knew or easily could have discovered their identity or attempt to start an independent action against those parties. Rather she pursued her claim against the doctor which resulted in a settlement in which she was paid $25,000. It was only after that settlement that the complaint initiating the present matter was filed, after the bar of statute, against those who she now contends were also tortfeasors. The delay was not the result of lack of knowledge concerning her injury, damages, the possible cause of action or the identity of the tortfeasors, the essential basis for invoking the relief provided by the discovery rule.

One might wonder, in light of the above, what further value remains to be extracted from this case. Exploration of the question at oral argument shed litttle light on the subject, and at this point it has no particular significance, it being only a matter of my own idle speculation.

35 *N. J.* at 442; 451; *Rothman v. Silber,* 90 *N. J. Super.* 22, 36, 37–8 (App. Div.), certif. den., 46 *N. J.* 538 (1966) (concurring opinion of Gaulkin, S. J. A. D.); but it sees no justification for making vigilant prosecution of the claim a requirement. A couple of reasons come to mind immediately. A rule compelling prompt commencement of an action minimizes, as it should, whatever gloss the judicial interpretive process brings to this legislative declaration whose intent, in the present context, is not entirely clear. At the same time it keeps faith with the fundamental notion adverted to by the dissenter below, but not elsewhere in this case accorded much attention, that litigants should pursue their causes of action diligently. 135 *N. J. Super.* at 116. Giving these considerations emphasis at least equal to that accorded the majority's single inquiry of whether defendant has been "peculiarly or unusually prejudiced" in this case, where clearly there was more than reasonable time for plaintiff to have instituted suit between discovery of the cause of action and expiration of two years after the actionable event, leads me to vote to reverse the judgment of the Appellate Division and reinstate the judgment of the trial court dismissing the complaint.[3]

Justices MOUNTAIN and SCHREIBER authorize me to say that they join in this dissent.

*For affirmance*—Chief Justice HUGHES, Justices SULLIVAN and PASHMAN and Judge CONFORD—4.

*For reversal*—Justices MOUNTAIN, CLIFFORD and SCHREIBER—3.

---

[3]There is no merit to plaintiff's alternative position which invokes the doctrine of a continuous course of treatment. See *Tortorello v. Reinfeld,* 6 *N. J.* 58, 66 (1960). Plaintiff does not allege that the physician was the hospital's agent nor is it claimed these defendants ratified the doctor's acts.