171 N.J. Super. 566 (1979)
410 A.2d 271
DAVID BERNSTEIN, EXECUTOR OF THE ESTATE OF LILLIAN BERNSTEIN, AND DAVID BERNSTEIN, INDIVIDUALLY, PLAINTIFF-APPELLANT,
v.
EUGENE CHESLOCK, PAULO C. FERREIRA AND RICHARD A. KRULL, M.D.S T/A CENTRAL JERSEY HEMATOLOGY, DEFENDANTS-RESPONDENTS, AND HAROLD CHAFKIN, M.D., RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted December 3, 1979.
Decided December 18, 1979.
*567 Before Judges SEIDMAN, MICHELS and DEVINE.
Michael H. Gottesman, attorney for appellant.
McMenaman & Grasso, attorneys for respondent Harold Chafkin (Donald J. Grasso on the brief).
Defendants-respondents did not file a brief.
The opinion of the court was delivered by SEIDMAN, P.J.A.D.
This is a medical malpractice case in which we granted plaintiff leave to appeal from the denial of an unopposed application to amend his complaint to add another physician as a party defendant. We did so to consider, in light of Lopez v. *568 Swyer, 62 N.J. 267 (1973), the correctness of the trial judge's ruling that the amendment would not be allowed because the cause of action was barred by the statute of limitations. We reverse.
On November 8, 1978 plaintiff filed a wrongful death, personal injury, negligence complaint against several physicians practicing under the corporate name of Central Jersey Hematology Oncology Associates, P.A. He sought damages for the death of his wife, for her conscious pain and suffering, and for loss of her services. The complaint alleged that on February 1, 1977 plaintiff's wife, who was suffering from ovarian cancer, consulted one of the members of defendant medical group; that two drugs, Methotrexate and Thiotepa, were prescribed; that a few days after ingesting the drugs decedent experienced a burning sensation in her throat, and that she died on February 19, 1977 as a result of, among other things, a toxic reaction to the drugs.
Plaintiff asserts that on July 11, 1979, during the course of discovery proceedings, his counsel was furnished a copy of a letter sent by Dr. Eugene Cheslock, one of the named defendants, to a Dr. Harold Chafkin on February 4, 1977. He maintains that the letter was the first indication to him that Dr. Chafkin, who referred decedent to defendants, had actually prescribed the drugs. This led promptly to plaintiff's effort to amend the complaint to join Dr. Chafkin as a defendant, the gravamen of the cause of action against him apparently being the physician's alleged failure adequately to advise decedent of the side effects of taking the medication and to monitor its use by adequate and accurate testing.
On the return day of the motion the trial judge himself raised the question of the statute of limitations. Despite counsel's response that "as far as the Statute goes, the knowledge of this did not come to light until just recently," and that, with respect to decedent's husband, "there is a problem there whether he should have known or did know, which arises out of his mental capacity," the trial judge summarily denied the motion, stating, *569 "The test is whether it was discoverable ... [A]nd I think the Statute of Limitations is applicable...."
While the salutary purposes of a statutory limitation on actions are to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend, and to stimulate litigants to pursue their causes of action diligently and to prevent the litigation of stale claims, Kaczmarek v. New Jersey Turnpike Auth., 77 N.J. 329, 337 (1978), there has emerged in recent years an ameliorative doctrine known as the "discovery rule" which provides that "in an appropriate case a cause of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered that he may have a basis for an actionable claim." Lopez v. Swyer, supra, 62 N.J. at 272. Initially, the rule was applied to foreign body malpractice actions, see Fernandi v. Strully, 35 N.J. 434 (1961); but, as the court said in Lopez v. Swyer, supra, 62 N.J. at 273, "subsequent decisions have gone much further and have acknowledged the relevance of the doctrine whenever equity and justice have seemed to call for its application."
Whether the cause of action sought to be asserted here against an additional party by way of amended complaint is entitled to the benefit of the discovery rule is not our primary concern. It is, rather, whether a determination of that issue can appropriately be made, as was done here, on a motion to amend the complaint. We think not. We reach this conclusion apart from the general principles that leave to amend pleadings should be freely given in the interests of justice, R. 4:9-1, or that ordinarily the statute of limitations is an affirmative defense which must be pleaded, see R. 4:5-4, or otherwise raised by the defendant, as by a motion to dismiss for failure to state a claim upon which relief can be granted, or a motion for judgment on the pleadings or at trial, Rappeport v. Flitcroft, 90 N.J. Super. 578, 579-580 (App.Div. 1966). In our view, Lopez v. Swyer clearly envisages that the determination of when the injured *570 person knew or should have known of the operative facts upon which accrual of the cause of action depends should ordinarily be made by the trial judge upon a preliminary inquiry. 62 N.J. at 275.
... Generally the issue will not be resolved on affidavits or depositions since demeanor may be an important factor where credibility is significant. Where credibility is not involved, affidavits, with or without depositions, may suffice; it is for the trial judge to decide. The issue will be whether or not a party, either plaintiff or counterclaimant, is equitably entitled to the benefit of the discovery rule. All relevant facts and circumstances should be considered. The determinative factors may include but need not be limited to: the nature of the alleged injury, the availability of witnesses and written evidence, the length of time that has elapsed since the alleged wrongdoing, whether the delay has been to any extent deliberate or intentional, whether the delay may be said to have peculiarly or unusually prejudiced the defendant. The burden of proof will rest upon the party claiming the indulgence of the rule. [62 N.J. at 275-276.]
It is our view that where a proposed amended complaint, such as in the malpractice action here involved, or the affidavit submitted in support of the motion for leave to amend, sets forth at least prima facie that the factual basis for the cause of action sought to be asserted was not discovered or reasonably discoverable prior to the expiration of the statute of limitations, the fact-finding process required of the trial judge would preclude the denial of the motion to amend, since a determination at that stage of the proceedings that plaintiff is not entitled to invoke the discovery rule would clearly be premature, bearing in mind the factors to be considered as enumerated in Lopez v. Swyer, supra, among which, it should be noted, is a showing by defendant that he would be "peculiarly or unusually prejudiced." See Fox v. Passaic General Hosp., 71 N.J. 122, 128 (1976).
We conclude on the record before us that plaintiff's motion to amend the complaint should have been granted. Upon service of the amended complaint the added defendant will have ample opportunity to raise the defense of the statute of limitations by answer or in any other way permitted by the rules of practice *571 and procedure, and to seek, if he so desires, a pretrial determination of whether the amended complaint should be dismissed by reason of the bar of the statute of limitations.
Reversed and remanded for further proceedings. Jurisdiction is not retained. No costs.