193 N.J. Super. 190 (1984)
473 A.2d 86
STANLEY MOSIOR, PLAINTIFF-APPELLANT,
v.
INSURANCE COMPANY OF NORTH AMERICA, DEFENDANT-RESPONDENT, AND ATLANTIC AVIATION CORPORATION, DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued January 10, 1984.
Decided January 25, 1984.
*192 Before Judges MICHELS and KING.
Meryl J. Topchik argued the cause for appellant (Mandelbaum, Salsburg, Gold & Lazris, attorneys; Carmine D. Campanile of counsel and on the brief).
Glenn A. Clark argued the cause for respondent (Riker, Danzig, Scherer & Hyland, attorneys; Edward A. Zunz of counsel and on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
The summary judgment of the Law Division dismissing the complaint of plaintiff Stanley Mosior against defendant Insurance Company of North America (INA) on the ground that the action was not commenced within the 3-year period of limitation, set forth in the group accident insurance policy issued to plaintiff's employer defendant Atlantic Aviation Corporation (Atlantic), is affirmed substantially for the reasons expressed by Judge Malech in his oral opinion of June 23, 1978. We are satisfied from our review of the record in the light of the arguments presented that summary judgment was properly *193 granted and that all of the issues of law raised are clearly without merit. R. 2:11-3(e)(1)(E).[1]
We would simply emphasize that the group insurance policy under which plaintiff seeks to recover for permanent disability contained the following standard provisions:
Proofs of Loss: Written proof of loss must be furnished to the Company at its said office in case of claim for loss for which this policy provides any periodic payment contingent upon continuing loss within ninety days after the termination of the period for which the Company is liable and in case of claim for any other loss within ninety days after the date of such loss. Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible.
Legal Actions: No action at law or in equity shall be brought to recover on this policy prior to the expiration of sixty days after written proof of loss has been furnished in accordance with the requirements of this policy. No such action shall be brought after the expiration of three years after the time written proof of loss is required to be furnished.
These provisions comply with the statutory mandate of N.J.S.A. 17B:27-41 and N.J.S.A. 17B:27-46, which require all policies of group health insurance to contain a 90-day proof of loss provision and a provision that "no such action shall be brought at all unless brought within three years from the expiration of the time within which proof of loss is required by the policy."
The date of loss is the critical date. Under the terms of the group insurance policy here involved, the date of loss is the date *194 of permanent total disability. "Permanent total disability" is defined by the policy as "the Insured's complete inability, after one year of continuous total disability ... to engage in any substantially gainful occupation or employment for the remainder of his life."
Here the proofs established beyond reasonable dispute that the date of the loss was August of 1972. Plaintiff, in his proof of loss dated and signed August 23, 1974, stated that he ceased work on August 28, 1972 and that he would never be able to resume all or any part of his work. Submitted with this proof of loss was the attending physician's certification of Dr. Block, which indicated that plaintiff was totally disabled and unable to ever return to work as of August of 1972. Thus, the date of loss was established as August 28, 1972 when plaintiff admittedly became totally disabled. Plaintiff's proof of loss should have been furnished to INA within 90 days thereof, or on or before November 28, 1972, and suit should have been commenced thereafter by November 28, 1975. Since plaintiff did not commence this action until January 19, 1977, more than four years after the time the proof of loss was required, the trial judge properly concluded that the action was barred by the three year limitation contained in the policy.
Furthermore, plaintiff could not, and did not, create a genuine issue of material fact by later claiming that the loss did not occur until he allegedly first learned that he was totally disabled in December of 1983. Plaintiff's reliance on Dr. Block's subsequent letter of December 18, 1983 indicates only that plaintiff remained totally and permanently disabled as of that date. It does not create a disputed issue of fact as to the time when plaintiff became permanently and totally disabled sufficient to warrant the denial of summary judgment. Dr. Block's letter in no way indicates that it was not until December of 1983 that plaintiff became disabled or that it was not until this time that he learned of his disability. To the contrary, Dr. Block had earlier signed the proof of loss indicating that plaintiff was *195 totally disabled and unable to return to work as of August of 1972. Both this and the fact that plaintiff himself had signed the proof of loss contradict the assertion that plaintiff did not know of his total disability until that time. Additionally, the fact that plaintiff may have been carried as an employee on Atlantic's books and that he continued to pay insurance premiums until June 20, 1983 does not indicate that he was not permanently disabled up until that time. Plaintiff cannot create an issue of fact simply by raising arguments contradicting his own prior statements and representations. See Radobenko v. Automated Equipment Corp., 520 F.2d 540, 543-544 (9th Cir.1975) (Affidavit which contradicted plaintiff's prior deposition testimony held not to create a genuine issue of material fact). As stated in Holifield v. Cities Service Tanker Corp., 421 F. Supp. 131, 136 (E.D.La. 1976), aff'd 552 F.2d 367 (5th Cir.1977), "it is only genuine issues of fact and not simply issues created by self-contradictions of an opposing party that are intended to preclude resort to the device of summary judgment." [Emphasis in original.]
We also hold, contrary to plaintiff's claim, that INA is not equitably estopped from raising the limitations defense in this case. The record shows that from 1957 to 1968 plaintiff, as an employee of Atlantic, was covered by a group accident insurance policy for loss of eyes or limbs. In 1968 this policy was replaced by a group policy issued by INA which, in addition to providing coverage for loss of eyes or limbs, provided coverage for permanent total disability. Plaintiff claims that he was never given a copy of the master INA policy nor did he become aware that he was covered for permanent total disability until January of 1974, and that therefore the period of limitation did not begin to run until this time. Essentially, plaintiff argues that INA was under a duty to inform him as to the change in policy coverage and therefore should now be equitably estopped from raising the limitation defense. We disagree.
*196 It is clear that INA had no duty to directly provide Atlantic's employees with a copy of the insurance policy. Rather INA's duty in connection with this type of policy was merely to issue to Atlantic copies of the certificate of insurance, which Atlantic was to distribute to its employees. These respective duties are imposed by N.J.S.A. 17B:27-38, which requires that in all policies of group health insurance:
There shall be a provision that the insurer shall issue to the employer, the policyholder, or other person or association in whose name such policy is issued, for delivery to each employee or member, a certificate setting forth in summary form a statement of the essential features of the insurance coverage, to whom the benefits thereunder are payable, and in substance the provisions of section 17B:27-39 to 17B:27-46, inclusive of this chapter.
Furthermore, plaintiff's claim that a relationship of principal and agent existed between Atlantic and INA, and that therefore because Atlantic was under a duty to provide plaintiff with a copy of the certificate of insurance, INA, as principal, was chargeable with the failure of its agent Atlantic to do so, is also without merit.
It is settled that an employer in effecting group coverage for his employees acts for itself and for its employees, and not as an agent of the insurer. 43 Am.Jur.2d Insurance § 110 (1982). This rule was set forth by the United States Supreme Court in Boseman v. Connecticut General Life Ins. Co., 301 U.S. 196, 204-205, 57 S.Ct. 686, 690, 81 L.Ed. 1036, 1041 (1937), wherein the court stated:
Employers regard group insurance not only as protection at low cost for their employees but also as advantageous to themselves in that it makes for loyalty, lessens turn-over and the like. When procuring the policy, obtaining applications of employees, taking payroll deduction orders, reporting changes in the insured group, paying premiums and generally in doing whatever may serve to obtain and keep the insurance in force, employers act not as agents of the insurer but for their employees or for themselves.
This holding in Boseman was expressly adopted by our former Supreme Court in Kloidt v. Metropolitan Life Ins. Co., 18 N.J. Misc. 661, 671-672 (Sup.Ct. 1939).
Thus, while it is true that "estoppel may arise by silence or omission where one is under a duty to speak or act," Carlsen v. *197 Masters, Mates & Pilots Pension Plan Trust, 80 N.J. 334, 341 (1979), because INA was under no duty to furnish to plaintiff copies of the certificates of insurance, INA may not be equitably estopped from raising the statute of limitations defense.
Beyond this, it is the law of this state that if, after the cessation of any basis for continued reliance by a plaintiff on the conduct of a defendant, there remains a reasonable time under the applicable limitations period to commence a cause of action, the action will be barred if not filed within this remaining time. See Ochs v. Federal Ins. Co., 90 N.J. 108, 116-117 (1982); Evernham v. Selected Risks Ins. Co., 163 N.J. Super. 132, 137 (App.Div. 1978), certif. denied 79 N.J. 479 (1979). Here, the three-year period of limitations began to run on November 28, 1972. Even making the dubious assumption that plaintiff first obtained knowledge of the existence of the INA policy in January of 1974, he still had 22 months to commence this action within the applicable limitation period, which ended on November 28, 1975. As such, he may not invoke the doctrine of equitable estoppel.
Affirmed.
NOTES
[1] Defendant Insurance Company of North America (INA) also contends that the appeal should be "denied because it was not filed within 45 days of the date [its] judgment became final." The summary judgment in favor of INA was entered on July 5, 1978. Plaintiff subsequently filed an appeal from that judgment but the appeal was dismissed because the summary judgment was interlocutory. Plaintiff's claim against Atlantic Aviation Corporation (Atlantic) still remained unresolved. On November 28, 1979, the remaining claim against Atlantic was dismissed. Counsel indicated at oral argument that the case against Atlantic had been settled. In any event, on November 28, 1979, when the case was dismissed as to Atlantic, the summary judgment in favor of INA became a final judgment. Plaintiff therefore had 45 days within which to appeal. See R. 2:4-1. Having failed to do so, the appeal was not timely taken. However, rather than disposing of the appeal on this ground, we have considered and decided the appeal on the merits.