206 N.J. Super. 58 (1985)
501 A.2d 1016
STATE OF NEW JERSEY IN THE INTEREST OF H.D., JUVENILE APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted November 13, 1985.
Decided December 5, 1985.
*59 Before Judges ANTELL, MUIR and MATTHEWS.
Thomas S. Smith, Acting Public Defender, attorney for appellant (Peter L. Hughes, III of counsel and on the brief).
Nicholas L. Bissell, Jr., Somerset County Prosecutor, attorney for respondent (Kathleen P. Holly, Assistant Prosecutor, on the brief).
The opinion of the court was delivered by, ANTELL, P.J.A.D.
This appeal was taken from an adjudication of juvenile delinquency in the Juvenile and Domestic Relations Court. The determination under review is based upon a finding of conduct by the juvenile which would cause him to be classified as a disorderly person under N.J.S.A. 2C:33-2(b) if he were an adult. As the trial court's opinion states, the punishable conduct consisted of addressing the police officer with profane language, the only purpose of which "was to offend the officer, in effect, to exact verbal vengeance for his arrest." State in the Interest of H.D., 184 N.J. Super. 499, 503 (J. & D.R.Ct. 1982). Although the court found that the juvenile's language did not amount to "`fighting words' likely to cause an immediate *60 breach of the peace or move the hearers to present violence," it nevertheless concluded that it transgressed the statutory proscription against verbal assaults upon the sensibilities of a listener and that the statute did not infringe upon protected freedom of expression.
As the trial court correctly noted, N.J.S.A. 2C:33-2(b) was enacted some time after the decisions of the United States and New Jersey Supreme Court invalidating convictions for the public use of offensive language. In those cases, the prosecutions were conducted pursuant to statutory language found to be overly broad. Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972); Cohen v. California, 403 U.S. 15, 91 S.Ct. 1780, 29 L.Ed.2d 284 (1971); State v. Rosenfeld, 62 N.J. 594 (1973). Rosenfeld was a prosecution under our predecessor statute, N.J.S.A. 2A:170-29(1), which prohibited the public use of "loud and offensive or profane or indecent language." In State v. Profaci, 56 N.J. 346 (1970) the Supreme Court concluded that this enactment served two purposes, (1) to preserve the peace by prohibiting the use of language which was likely to incite its hearer to violence and (2) "to protect the sensibilities of those persons within hearing of the person uttering the language." So understood, the statute was held constitutional. Id. at 353. Rosenfeld, however, recognized that under the intervening decisions of the United States Supreme Court in Gooding v. Wilson, supra, and Cohen v. California, supra, "the second alternative in Profaci (56 N.J. at 353) is no longer viable." 62 N.J. at 601. The court added the following:
Thus the Attorney General's brief acknowledges that N.J.S.A. 2A:170-29(1) "may not be utilized to punish speech which solely is offensive to the sensibilities of the hearer"; and similarly the Prosecutor's brief acknowledges that the views expressed by the majority in Gooding dictate the conclusion that so much in Profaci as denies First Amendment protection to language which "affects one's sensibilities" is no longer valid. [Ibid.]
In the view of the trial court the present statute satisfies constitutional requirements by proscribing offensive language "much more narrowly than did the doctrine enumerated in Profaci." State in the Interest of H.D., supra, 184 N.J. Super. *61 at 502. We cannot agree that the present enactment reflects any significant modification of the constitutional reading given the earlier statute in Profaci found to be "no longer viable" in Rosenfeld. Profaci held that under a constitutional application of the statute it was sufficient that the words be
spoken loudly, in a public place and must ... be likely, in the light of the gender and age of the listener and the setting of the utterance, to affect the sensibilities of a hearer. The words must be spoken with the intent to have the above effect or with a reckless disregard of the probability of the above consequences. [56 N.J. at 353].
The present statute declares that one is guilty of disorderly conduct
if, in a public place, and with purpose to offend the sensibilities of a hearer or in reckless disregard of the probability of so doing, he addresses unreasonably loud and offensively coarse or abusive language, given the circumstances of the person present and the setting of the utterance, to any person present.
In our view, the two standards are practically identical and we conclude that the defect of overbreadth found fatal to the validity of the predecessor statute, N.J.S.A. 2A:170-29(1), inheres in N.J.S.A. 2C:33-2(b). It follows, therefore, that there is no valid statutory authority for prosecutions based upon the public use of coarse or abusive language which does not go beyond offending the sensibilities of a listener.
Reversed.