209 N.J. Super. 239 (1986)
507 A.2d 289
TORCON, INC., PLAINTIFF-RESPONDENT,
v.
ALEXIAN BROTHERS HOSPITAL, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT AND GERARD JOSEPH OAKLEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 24, 1986.
Decided April 3, 1986.
*240 Before Judges FURMAN, COHEN and SKILLMAN.
A. Dennis Terrell argued the cause for defendant-appellant (Shanley & Fisher, attorneys; A. Dennis Terrell of counsel, Judith A. Heim on the brief).
Robert S. Peckar argued the cause for plaintiff-respondent (Peckar & Abramson, attorneys; Robert Hedinger and Robert S. Peckar on the brief).
David Suarez argued the cause for defendant-respondent (Suarez & Suarez, attorneys; David Suarez of counsel).
PER CURIAM.
We affirm, essentially for the reasons expressed by Judge Wertheimer in his written opinion, which is reported at 205 N.J. Super. 428 (Ch.Div. 1985). We add only the following.
We understand Judge Wertheimer's opinion to say that the hospital's claim against the architect Oakley came into existence on April 21, 1975, the date of the Certificate of Substantial Completion. We also read the opinion to say that the hospital's early knowledge of the new building's problems bears equally on the application of the discovery rule to the hospital's causes of action against both Torcon and Oakley. Since no argument was made before us that distinctions should be made between *241 the claim against Torcon and the claim against Oakley in these respects, we have no occasion to pass on the point.
We have some question whether the doctrine of equitable estoppel could be applied to the hospital's claim against Oakley on the basis of Torcon's alleged post-completion conduct. There is nothing to show that Oakley shared responsibility for any such conduct, or that he independently promised or undertook any remedial work after April 21, 1975. See Twin Falls Clinic & Hosp. Bldg. Corp. v. Hamill, 103 Idaho 19, 644 P.2d 341 (1982); Society of Mt. Carmel v. Fox, 90 Ill. App.3d 537, 46 Ill.Dec. 40, 413 N.E.2d 480 (1980). We need not resolve the question because the period of Torcon's alleged deceptive conduct ended in 1977, and there were approximately four years left of the six-year period of limitations. That was an ample time for the hospital to assert its claims. Thus, neither Torcon nor Oakley could be equitably estopped from invoking the statute of limitations. Mosior v. Ins. Co. of North America, 193 N.J. Super. 190, 197 (App.Div. 1984).
The hospital's last argument before us is that its cause of action did not accrue until one year after April 21, 1975, the date of substantial completion. The argument depends on reading Section 13.2.2 of the building contract to bar suit or notice to arbitrate during that year. The section says:
If within one year after the Date of Substantial Completion or within such longer period of time as may be prescribed by law or by the terms of any applicable special guarantee required by the Contract documents, the Contractor shall correct it promptly after receipt of a written notice from the Owner to do so unless the Owner has previously given the Contractor a written acceptance of such condition. The Owner shall give such notice promptly after discovery of the condition.
We need not decide whether a contract provision barring suit or notice to arbitrate within one year after substantial completion postpones accrual of a cause of action for building defects for limitations purposes. We are satisfied that the quoted provision was not intended to bar suit or arbitration. It *242 was intended to enhance the owner's range of remedies for contractor's defaults, not to restrict them.
Affirmed.