253 N.J. Super. 307 (1992)
601 A.2d 770
JEFFREY BYRD, PLAINTIFF-APPELLANT,
v.
ANDREW MANNING, INDIVIDUALLY AND AS MAYOR OF THE BOROUGH OF SEA BRIGHT; CHARLES ROONEY; JAMES FOORSMAN; C. REED MURPHY; WILLIAM FITZPATRICK; LINDA HOORSAGER; JOAN BREARLEY, INDIVIDUALLY AND IN THEIR CAPACITY AS MEMBERS OF THE COUNCIL OF THE BOROUGH OF SEA BRIGHT; THOMAS JOHNSON, INDIVIDUALLY AND IN HIS CAPACITY AS THE CHIEF OF POLICE OF THE BOROUGH OF SEA BRIGHT; BOROUGH OF SEA BRIGHT, A CORPORATION ORGANIZED UNDER THE LAWS OF THE STATE OF NEW JERSEY; WILLIAM MOORE, INDIVIDUALLY AND AS AN OFFICER IN THE SEA BRIGHT BOROUGH POLICE DEPARTMENT; JOHN SORRENTINO, INDIVIDUALLY AND AS AN OFFICER IN THE SEA BRIGHT POLICE DEPARTMENT; AND STEVEN SPAHR, INDIVIDUALLY AND AS AN OFFICER IN THE SEA BRIGHT BOROUGH POLICE DEPARTMENT, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 10, 1991.
Decided January 29, 1992.
*310 Before Judges HAVEY and CONLEY.
Harold J. Cassidy argued the cause for appellant (Cassidy, Foss & San Filippo, attorneys; Kathleen A. Sheedy, on the brief).
Warren W. Wilentz argued the cause for respondents Sorrentino and Spahr (Wilentz, Goldman & Spitzer, attorneys; Warren W. Wilentz, Charles M. Moriarty and Jeffrey L. Menkin, of counsel; Jeffrey L. Menkin on the brief).
Dwyer, Connell & Lisbona, attorneys for respondents (Manning, Rooney, Foorsman, Murphy, Fitzpatrick, Hoorsager, Brearley, Johnson and the Borough of Sea Bright joined in the brief filed by Wilentz, Goldman & Spitzer).
The opinion of the court was delivered by HAVEY, J.A.D.
Plaintiff appeals from an order for summary judgment dismissing his action instituted against defendants under the federal Civil Rights Act, 42 U.S.C.A. § 1983. In dismissing the complaint, the trial judge found that the action was time-barred under N.J.S.A. 2A:14-2, since it was not instituted within two years from the date plaintiff's cause of action accrued. On appeal, plaintiff argues that the statute of limitations should be tolled because: (1) the legislative objectives of the statute were satisfied; (2) defendants contributed to plaintiff's delay in filing the complaint; (3) plaintiff would have risked waiving his *311 constitutional right against self-incrimination in a related criminal proceeding had he filed his civil complaint in a timely fashion, and (4) he was under duress inflicted by defendants which caused the delay. We affirm.
On January 2, 1988, defendants John Sorrentino, Steven Spahr and William Moore, Borough of Sea Bright police officers, arrested plaintiff outside a local tavern for using offensive language. Defendants claimed that during the arrest, plaintiff kicked one of the officers in the groin and butted him in the face as they were placing plaintiff in a police car. Plaintiff was charged with disorderly conduct, N.J.S.A. 2C:33-2b, resisting arrest, N.J.S.A. 2C:29-2, and aggravated assault upon a police officer, N.J.S.A. 2C:12-1b(5)(a).
On April 5, 1988 plaintiff filed a cross-criminal complaint against Officers Sorrentino and Spahr charging them with aggravated assault, N.J.S.A. 2C:12-1b(1), and official misconduct, N.J.S.A. 2C:30-2. On May 6, 1988, the Monmouth County Grand Jury "no billed" the charges against Officers Sorrentino and Spahr. It also declined to indict plaintiff and recommended that the aggravated assault charges against him be downgraded to simple assault, N.J.S.A. 2C:12-1a. The disorderly conduct, simple assault and resisting arrest charges were remanded to the Sea Bright Municipal Court and transferred to the Rumson Municipal Court for prosecution as disorderly persons offenses.
On May 11, 1989, plaintiff filed motions in the Law Division and the United States District Court for the District of New Jersey, seeking orders permitting him to take pre-complaint depositions of defendants Sorrentino, Spahr and Moore pursuant to R. 4:11-1 and Fed.R.Civ.P. 27, respectively. Plaintiff's certifications supporting the motions state that he "expects to bring an action in the United States District Court based upon a violation of his civil rights ... against" defendants. The federal *312 court denied plaintiff's petition on June 19, 1989. Plaintiff's state petition was denied on June 23, 1989 by Judge Fundler, who noted on the order:
No authority for discovery at this time cited. No basis for perpetuation of evidence or testimony present in supporting papers. No New Jersey Court action contemplated per certification. Rule 4:11-1 not applicable and procedural requirements not complied with if it were.
After hearings conducted on July 12 and August 30, 1989, plaintiff was convicted in the Rumson Municipal Court of two counts of simple assault and acquitted on the resisting arrest charges. The original charge of disorderly conduct was dismissed pursuant to In re H.D., 206 N.J. Super. 58, 501 A.2d 1016 (App.Div. 1985), which had declared N.J.S.A. 2C:33-2b unconstitutional. On February 9, 1990, plaintiff was again convicted of simple assault after his trial de novo in the Law Division, Criminal Part.[1]
On February 23, 1990, 52 days after the two-year statute of limitations expired, plaintiff filed a § 1983 action against defendants in the federal district court seeking damages for injuries he allegedly sustained during his January 2, 1988 arrest. Plaintiff filed an identical complaint in the Superior Court, Law Division on March 30, 1990.[2] By order dated August 29, 1990, the federal court dismissed the complaint as being time-barred. Plaintiff thereupon moved for summary judgment in the state proceedings, arguing that his failure to institute suit within the two-year limitation was excusable, and defendants cross-moved for summary judgment. An order granting defendants' summary judgment motion dismissing plaintiff's complaint was *313 entered on June 25, 1990.[3] On September 28, 1990, plaintiff's motion for reconsideration of the summary judgment order was denied.
It is undisputed that state law determines the pertinent statute of limitations governing claims brought under § 1983. See Wilson v. Garcia, 471 U.S. 261, 269, 105 S.Ct. 1938, 1943, 85 L.Ed.2d 254, 262 (1985). Plaintiff concedes that he failed to file either his federal or state § 1983 complaint within the two-year time limitation under N.J.S.A. 2A:14-2. However, he argues that the policy underpinnings to the statute were satisfied, thereby justifying a relaxation of the statute under the present circumstances.
The legislative objectives of statutes of limitations are to: (1) stimulate litigants to pursue their causes of action diligently so that answering parties will have a fair opportunity to defend; (2) prevent the litigation of stale claims; (3) penalize dilatoriness, and (4) serve as measures of repose. Ochs v. Federal Ins. Co., 90 N.J. 108, 112, 447 A.2d 163 (1982); Galligan v. Westfield Centre Serv., Inc., 82 N.J. 188, 191-92, 412 A.2d 122 (1980). Our Supreme Court in Galligan noted:
Unswerving, "mechanistic" application of statutes of limitations would at times inflict obvious and unnecessary harm upon individual plaintiffs without advancing these legislative purposes. See White [v. Violent Crimes Compensation Bd.], 76 N.J. [368] at 378-379 [388 A.2d 206 (1978)]. On numerous occasions we have found "such particular circumstances as to dictate not the harsh approach of literally applying the statute of limitations but the application of the more equitable and countervailing considerations of individual justice." Kyle [v. Green Acres at Verona, Inc.], 44 N.J. [100] at 109 [207 A.2d 513 (1965)]. See, e.g., Kaczmarek [v. New Jersey Turnpike Auth.], 77 N.J. [329] at 388 [390 A.2d 597 (1978)]; Fox v. Passaic Gen'l Hosp., 71 N.J. 122, 125-126 [363 A.2d 341 (1976); Lopez [v. Swyer], 62 N.J. [267] at 273-274 [300 A.2d 563 (1973)]. A "just accommodation" of individual justice and public policy requires that "in each case the equitable claims of opposing parties must *314 be identified, evaluated and weighed." Id. at 274 [300 A.2d 563.] Whenever dismissal would not further the Legislature's objectives in prescribing the limitation, the plaintiff should be given an opportunity to assert his claim. See Kaczmarek, 77 N.J. at 338 [390 A.2d 597]; White, 76 N.J. at 379 [388 A.2d 206]. [82 N.J. at 192-93, 412 A.2d 122.]
Thus, "where defendants are on notice of the claims, and no significant prejudice results, the policy reasons for upholding a strict statute of limitations recede." W.V. Pangborne & Co. v. New Jersey Dep't of Transp., 116 N.J. 543, 563, 562 A.2d 222 (1989). However, the Court has repeatedly cautioned that:
[i]n effect, the legislature has drawn an arbitrary line in creating any statute of limitations. Because that line fixes the time within which suit must be brought, it does not invite variations depending upon what the equities of a case may be. [Rivera v. Prudential Property & Casualty Ins. Co, 104 N.J. 32, 40, 514 A.2d 1296 (1986).]
Citing Galligan, plaintiff argues that the "unswerving" application of the statute of limitations here inflicts unnecessary harm without advancing the statute's legislative purposes. In Galligan, plaintiff filed a timely wrongful death complaint in the federal district court. The federal court dismissed the complaint for want of jurisdiction because of lack of diversity and citizenship. However, while the motion to dismiss was pending in the federal court, plaintiff filed his state action 22 days after the statutory time period had expired. 82 N.J. at 190-91, 412 A.2d 122. The court found that the complaint should not be time-barred because a timely, albeit jurisdictionally deficient federal complaint had been filed and, further, that defendants had conceded that the mere lapse of 22 days had not prejudiced them in the defense of the action. Id. at 193, 412 A.2d 122.
This is not a case of a mistaken selection of a judicial forum having questionable or defective jurisdiction, as in Galligan. Here there was no question from the outset that both the federal and state courts had jurisdiction to entertain plaintiff's § 1983 action, and indeed plaintiff filed complaints in both forums. Also, in sharp contrast to Galligan, both complaints filed by plaintiff were filed beyond the two-year statutory period under N.J.S.A. 2A:14-2. Thus, while Galligan's filing of *315 the federal complaint gave defendant "timely notice" of his claim and showed proper diligence, here plaintiff "slept on his rights" and allowed the statute to expire before filing either his federal or state action. Id. at 193-94, 412 A.2d 122.
We do not deem the filing of plaintiff's pre-complaint motion to perpetuate testimony made pursuant to R. 4:11-1 as tantamount to the timely, albeit jurisdictionally defective, federal complaint in Galligan. Such a motion is made to perpetuate testimony because the movant "expects to be a party" to future litigation. R. 4:11-1(a). It does not necessarily alert defendants to the specifics of litigation which may never materialize, and is thus not a substitute for the filing of a complaint. According to plaintiff's certifications in support of his motions, no New Jersey suit against defendants was contemplated. In our view, extending Galligan to the present facts would do violence to the clear statutory language under N.J.S.A. 2A:14-2 and would erode the fundamental policy of promoting "repose by giving security and stability to human affairs." O'Keeffe v. Snyder, 83 N.J. 478, 491, 416 A.2d 862 (1980), (quoting Wood v. Carpenter, 101 U.S. 135, 139, 25 L.Ed. 807, 808 (1879)). We cannot ignore the fact that defendants, police officers and public officials, have remained subject to the stigma of a potential civil rights complaint for over four years, essentially because of the dilatoriness of plaintiff in filing a timely complaint. Thus, to hold that the filing of a motion to perpetuate testimony satisfies the statute is an expansion of Galligan which we decline, and indeed, have no authority to make.
Citing Zaccardi v. Becker, 88 N.J. 245, 440 A.2d 1329 (1982), plaintiff also argues that the statutory period should be tolled because defendants "contributed to the delay" by needlessly charging him with a disorderly conduct complaint under N.J.S.A. 2C:33-2b which, at the time of his arrest, had been declared unconstitutional.
In Zaccardi, plaintiffs' malpractice complaint was dismissed for plaintiffs' failure to answer interrogatories. 88 N.J. at 249-50, *316 440 A.2d 1329. Notwithstanding the dismissal, the complaint remained on the docket for 17 months and was adjourned for discovery at least ten times. Defendants voiced no objection to the repeated adjournments. Id. at 250, 440 A.2d 1329. Plaintiffs' motion to vacate the dismissal and extend discovery was granted by the trial judge, but reversed by the Appellate Division. Id. Plaintiffs thereafter filed a second complaint more than four years after the accrual of their cause of action. In reversing the dismissal of that complaint, the Supreme Court found that the statute of limitations should be relaxed since defendants were well aware plaintiffs' first complaint had been dismissed, but for 17 months "took no steps to inform the court that the case had been dismissed or to object to the adjournments." Id. at 257, 440 A.2d 1329. The court reasoned, "[h]aving thus significantly contributed to the delay in adjudicating this case, [defendants' counsel] cannot now claim on behalf of his clients that the case is stale and ought not to be heard." Id. at 258, 440 A.2d 1329.
We do not find Zaccardi's reasoning, bottomed on equitable principles, as pertaining here. Unlike Zaccardi, where plaintiff was led into a sense of security by defendants' conduct in a pending action, here defendants had filed a criminal complaint against plaintiff more than two years before plaintiff's § 1983 complaint was filed. While the criminal proceeding took its ordinary course, plaintiff was fully aware of the legal and factual bases for a § 1983 claim against defendants, if such bases existed, and of his right to file an action against defendants. Cf. Pisano v. City of Union City, 198 N.J. Super. 588, 593, 487 A.2d 1296 (Law Div. 1984), ("discovery rule" not applicable to suspend accrual of false arrest action under Tort Claims Act until underlying criminal proceedings were terminated, since plaintiff was chargeable with facts relating to arrest). Nothing defendants said or did during the criminal proceeding could reasonably have lulled plaintiff into a sense of security regarding his right to assert a § 1983 claim against defendants.
*317 It is true that plaintiff was charged with a disorderly persons offense under an unconstitutional statute. However, he was also charged with aggravated assault and resisting arrest which were prosecuted and which ultimately resulted in plaintiff's conviction for simple assault. Thus, defendants cannot be charged with contributing to plaintiff's delay in filing his civil complaint simply because of the improvidently filed disorderly conduct charge.
Plaintiff next argues that the statute should have been tolled during the pendency of the criminal proceeding because his fifth amendment right against self-incrimination would have been compromised in that proceeding had he filed a timely civil complaint. We disagree. Generally, a statute of limitations governing timeliness of an action will not be tolled for a pending determination in another tribunal absent an exhaustion requirement in the statute. W.V. Pangborne & Co., 116 N.J. at 556, 562 A.2d 222. N.J.S.A. 2A:14-2 has no such requirement. Thus, our statute is distinguishable from California's statute of limitations, Cal.Gov't Code § 945.3 (West Supp. 1989), which has been held to be tolled for § 1983 claims until criminal charges against a potential litigant have been resolved. See Harding v. Galceran, 889 F.2d 906, 907-08 (9th Cir.1989), cert. denied sub nom., Galceran v. Harding, ___ U.S. ___, 111 S.Ct. 951, 112 L.Ed.2d 1040 (1991).
Moreover, "[t]he general rule is that in order that the pendency of other proceedings shall have the effect of tolling the statute of limitations on a cause of action, the proceedings must be such as to prevent enforcement of the remedy by action." W.V. Pangborne & Co., 116 N.J. at 556-57, 562 A.2d 222, (quoting Nix v. Spector Freight Sys., Inc., 62 N.J. Super. 213, 223, 162 A.2d 590 (App.Div. 1960)). In State v. Kobrin Sec. Inc., 111 N.J. 307, 544 A.2d 833 (1988), the Court addressed whether the State may proceed with a civil fraud action against defendants while certain defendants were subject to pending criminal actions arising out of the same transactions. Id. at *318 310, 544 A.2d 833. The parties to the criminal actions had in the civil proceeding asserted their privilege against self-incrimination and refused to provide discovery to the State. In reversing an order staying the civil proceedings pending resolution of the criminal action, the Supreme Court determined that, while the exercise of the fifth amendment privilege may pose "difficult choices for litigants," it poses "no obstacle... to the continuation of the civil litigation." Id. at 313, 544 A.2d 833. In reaching that conclusion, the Court noted that:
In DeVita v. Sills, 422 F.2d 1172 (3rd Cir. 1970), Judge Gibbons explored the tensions inherent in such proceedings and noted that whatever the difficulties of invoking the fifth-amendment privilege, there is no constitutional inhibition that a defendant in a criminal case not "be put to the difficult choice of having to assert the privilege in a related civil case...." Id. at 1178. [Kobrin Sec. Inc., 111 N.J. at 312-13, 544 A.2d 833.]
It is a matter of the trial court's discretion as to whether a stay of discovery or of the civil proceedings is warranted by the circumstances of a given case:
Generally, the question should be whether refusing to stay discovery would impose undue hardship on a defendant and would thereby expose to unnecessary adverse consequences the defendant exercising the constitutional privilege. [Id. at 314, 544 A.2d 833.]
Accord Woodward-Clyde Consultants v. Chemical & Pollution Sciences, Inc., 105 N.J. 464, 475, 523 A.2d 131 (1987); Whippany Paper Bd. Co., Inc. v. Alfano, 176 N.J. Super. 363, 375-76, 423 A.2d 648 (App.Div. 1980).
Applying the reasoning in Kobrin Sec. Inc., it follows that a statute of limitations should not be tolled on account of the privilege against self-incrimination. Plaintiff was required to file his § 1983 complaint within the time limitation, and any adverse consequences arising from the potential application of his fifth amendment privilege should have been the subject of a motion before the trial judge to stay the civil proceeding pending disposition of the criminal charges. We also note that plaintiff voluntarily waived his right to remain silent by testifying in his own defense at his municipal court trial conducted on July 12 and August 30, 1989, well within the limitations period. He therefore had a reasonable period of time, approximately *319 four months, after the fifth amendment issue became moot within which to file the § 1983 action. Cf. Torcon, Inc. v. Alexian Bros. Hosp., 209 N.J. Super. 239, 241, 507 A.2d 289 (App.Div.), certif. denied, 104 N.J. 440, 517 A.2d 431 (1986); Mosior v. Insurance Co. of N. America, 193 N.J. Super. 190, 197, 473 A.2d 86 (App.Div. 1984). Consequently, his argument is faulty not only legally but from a factual perspective as well.
Finally, citing Jones v. Jones, 242 N.J. Super. 195, 576 A.2d 316 (App.Div.), certif. denied, 122 N.J. 418, 585 A.2d 412 (1990), plaintiff argues that the statute should have been tolled because he was "under duress" inflicted by defendants' prosecution of the criminal case and the prospect of the threat of imprisonment.[4] In Jones, we found genuine fact issues existed as to whether a mental trauma suffered by a daughter as a result of child abuse was so severe as to constitute "insanity," thereby tolling the limitations period. Id. at 205, 576 A.2d 316. See N.J.S.A. 2A:14-21. Also, we found a fact question existed as to whether the parents' coercive acts and threats rose to a level of duress that deprived the daughter of her free will, thereby tolling the statutory limitations period. Jones, 242 N.J. Super. at 207-09, 576 A.2d 316. We concluded that:
within certain limits, a prospective defendant's coercive acts and threats may rise to such a level of duress as to deprive the plaintiff of his freedom of will and thereby toll the statute of limitations. [Id. at 208, 576 A.2d 316.]
Here, defendants' prosecution of plaintiff in the municipal proceeding cannot be deemed "duress and coercion." Id. at 209, 576 A.2d 316. There is absolutely no showing that the State's pursuit of the criminal complaint against plaintiff was for the purpose of deterring or inhibiting his civil action against defendants. Moreover, there has been no showing that plaintiff was deprived of his "freedom of will" to justify a tolling of the statute. Plaintiff had sufficient clarity of mind to retain *320 counsel, file criminal complaints against the police officers, testify during the 1989 municipal court proceedings and file pre-complaint motions in both the federal and state courts prior to the expiration of the statute.
Affirmed.
NOTES
[1] On plaintiff's appeal from his conviction, we affirmed by our unpublished opinion dated December 10, 1990. See State v. Byrd, A-3654-89T5, certif. den. 126 N.J. 317, 598 A.2d 878 (1991).
[2] Plaintiff states that before the state court action was initiated, he filed a Notice of Tort Claims pursuant to N.J.S.A. 59:8-8. However, no proof of filing of a notice is contained in the record.
[3] On March 13, 1990, plaintiff filed a second criminal complaint against Officers Sorrentino and Spahr, charging them with aggravated assault and official misconduct. The Monmouth County Prosecutor's Office dismissed the complaint administratively.
[4] At the time of his arrest, plaintiff had been convicted of possession of a controlled dangerous substance. He was therefore subject to a probation violation if convicted of the charges.