

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-11-2009

# Halpin v. City of Camden

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2711

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Halpin v. City of Camden" (2009). *2009 Decisions.* Paper 1883.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1883

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2711
_____

KIMBERLY HALPIN

v.

CITY OF CAMDEN; CAMDEN CITY POLICE DEPARTMENT;
MAURICE GIBSON, Detective; JOHN DOE, #1 and #2;
ROGELIO PEREZ, Detective; EDWARD SPILLANE, Detective;
JULIO RIOS, Detective

Maurice Gibson,
Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 05-cv-02088)
District Judge:  Honorable Renee M. Bumb

_____

Submitted Under Third Circuit LAR 34.1(a)
February 5, 2009

Before:  RENDELL and ROTH, Circuit Judges,
and PADOVA, District Judge.*

(Filed: February 11, 2009)

_____

*Honorable John R. Padova, Senior District Judge for the Eastern District of
Pennsylvania, sitting by designation.

OPINION OF THE COURT

RENDELL, *Circuit Judge*.

Detective Maurice Gibson appeals the District Court's denial of qualified immunity in this case arising out of his arrest of the plaintiff, Kimberly Halpin. On June 18, 2004, after a concert at the Tweeter Center in Camden, New Jersey, Halpin was assaulted and robbed of her money, keys, and phone. Distressed and bleeding, she went to the Camden Police Administration Building to seek assistance. She pushed the buzzer at the window to get an officer's attention. Detective Gibson approached the window and Halpin, crying, told him that she had just been mugged. Gibson told her to calm down and claims that Halpin started using foul language and racial slurs to describe her attackers. Gibson then arrested Halpin, handcuffed her, and put her into a cell. He charged her with disorderly conduct for her offensive language under N.J. Stat. Ann. § 2C:33-2b, which prohibits "unreasonably loud and offensively coarse or abusive language" with "purpose to offend the sensibilities of a hearer." She was released later that night with a summons. Halpin acknowledged that she was crying and upset, but denied using any foul language or racial slurs.

Halpin filed an unlawful arrest complaint, and Gibson asserted a qualified immunity defense. In a qualified immunity analysis, the court must determine if the facts

alleged, taken in the light most favorable to the injured party, show a constitutional violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If there was such a violation, the court then determines whether there was a reasonable mistake of law or fact. If the constitutional right in question was clearly established at the time of the violation, such that an objectively reasonable officer could not be mistaken that his conduct violated that right, then there is no mistake of law. *Butz v. Economou*, 438 U.S. 478, 507 (1978).

The District Court found that Gibson was not entitled to qualified immunity. The statute under which Halpin was charged is unconstitutional when applied to anything less than language that would incite the hearer to immediate violence or cause an immediate breach of the peace. That has been the state of the law for more than 20 years. *In re H.D.*, 501 A.2d 1016, 1018 (N.J. Super. Ct. App. Div. 1985). The District Court found that it was unreasonable to believe that Halpin's words in the police station would incite someone to violence.[1] Therefore, Gibson lacked probable cause to arrest Halpin. The District Court then found that no officer could have an objectively reasonable belief that he could arrest someone simply for using foul language when the statute had been found unconstitutional more than 20 years before. The court concluded that, viewing the facts

---

[1] The District Court analyzed the situation as though Halpin had used foul language: "[A]ccepting, as the Court must, that Plaintiff used foul language only and not racial slurs . . . ." (App. 16.) The District Court should have considered the evidence in the light most favorable to the plaintiff. Halpin denies using foul language, and her version of the events should have been credited in the qualified immunity analysis. However, the error does not affect the outcome of the case.

3

in the light most favorable to Halpin, there was no probable cause and no reasonable mistake of law or fact. Accordingly, Gibson was not entitled to qualified immunity.

We agree with the reasoning of the District Court.

## Conclusion

For the reasons set forth above, we will AFFIRM the Order of the District Court.

4